# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE FRANCIS, JR., | : | No. 3:14cv1248 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| B. FULLER, CORRECTIONAL | : | |
| OFFICER M. KUBICKI and | : | |
| SIS OFFICER E. HAYDEN, | : | |
| Defendants | : | |

## MEMORANDUM

Before the court for disposition are two motions in limine filed by Plaintiff Freddie Francis, Jr. and one motion in limine filed by the defendants. The parties have briefed their respective positions and the motions are ripe for disposition.

**Background**

Plaintiff Freddie Francis, at the relevant times, was imprisoned at United States Penitentiary-Canaan (hereinafter "USP-Canaan"). On November 5, 2012, prison officials handcuffed plaintiff to the bars of his cell. Plaintiff claims that while he was handcuffed Defendants Fuller, Kubicki and Hayden beat him. Thus, he brought the present civil rights action based upon the Eighth Amendment's prohibition of excessive force.

Defendants' position is that as they tried to place another inmate in

plaintiff's cell.  Plaintiff became combative and attacked the new inmate.  The defendants argue that they intervened in a good faith attempt to maintain or restore discipline and to protect the new inmate.

The defendants moved for summary judgment, which was denied on August 8, 2017, and the matter was scheduled for a pretrial conference on December 13, 2017.   At the pretrial conference, the trial was scheduled for May 22, 2018.   Prior to trial, plaintiff filed two motions in limine and defendants filed one motion in limine, bringing the case to its present posture.

**Discussion**

Plaintiff has filed two motions in limine.  The first seeks to exclude from trial evidence of prior criminal convictions, and the second seeks to preclude evidence of prison misconduct.  The defendants have filed a motion in limine to bar plaintiff from referencing "traumatic brain injury".  We will address each motion separately.

### I. Plaintiff's motion regarding prior criminal convictions

As noted above, at the time of the incident, plaintiff was in a federal prison. He seeks to preclude from evidence the crime or crimes he committed which caused his imprisonment.  Plaintiff argues that such evidence is irrelevant and unduly prejudicial.

Federal law provides that relevant evidence is generally admissible.

2

FED. R. EVID. 402. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The law provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

We find that the crimes which plaintiff committed in the past are irrelevant to the issues on trial. The defendants are required to respect his Eighth Amendment rights regardless of what crime sent him to prison. Accordingly, the plaintiff's motion in limine will be granted and evidence of plaintiff's prior convictions will be inadmissible at trial.

## II. Plaintiff's motion regarding prison misconduct

Plaintiff believes that at trial, defendant will try to introduce evidence that plaintiff has received misconduct charges while in prison and has been found responsible for infractions of prison rules, including instances of fighting and possession of contraband. He filed a motion to preclude this evidence from trial as inadmissible character evidence. After he filed

the motion, however, he filed a "withdrawal" of this motion. We will not rule on the motion, as it has been withdrawn.

**III. Defendants' motion in limine regarding plaintiff referencing "brain injury"**

Finally, defendant has filed a motion in limine regarding "traumatic brain injury." Plaintiff's counsel has indicated that she may seek to present evidence of a brain injury that plaintiff allegedly suffered at the hands of the defendants based on the incident at issue. Defendants argue that the court should preclude plaintiff from testifying to a "brain injury" or "traumatic brain injury" or from using those words to describe his injuries because the evidence does not indicate a brain injury of any kind. Even if the medical record did mention such an injury, plaintiff has not retained an expert to establish causation.

Plaintiff argues that the motion should be denied because the medical record does contain evidence of traumatic brain injury and that the challenged words are common words that jurors would readily understand.

After a careful review, we find that defendants' motion should be granted in part. Neither plaintiff, nor his witnesses, shall testify that he was diagnosed with "traumatic brain injury" as it appears that no medical expert has rendered such an opinion in this case. The plaintiff shall, however, be permitted to testify as to symptoms suffered, testing he underwent and treatment

he received. For example, testimony regarding the CT scan of plaintiff's brain after the incident and the attending physician noting that plaintiff suffered from "head injury, traumatic and scalp laceration" will not be precluded.

**Conclusion**

As set forth above, plaintiff's motion in limine to preclude evidence of his prior convictions will be granted. The motion to preclude evidence of plaintiff's "misconducts" is withdrawn. Defendants' motion in limine regarding "traumatic brain injury" will be granted to the extent that plaintiff will not be allowed to testify that he had a diagnosis of that disorder. He will be permitted, however, to describe his injury and the symptoms he suffered. An appropriate order follows.

**Date: May 21, 2108**         **BY THE COURT:**

 

                                             **s/ James M. Munley**
                                             **JUDGE JAMES M. MUNLEY**
                                             **United States District Court**